# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2013

No. 12-50318
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

APOLINAR ESTRADA-LOYA, also known as Apolinar Santillana-Castillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2227-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Apolinar Estrada-Loya (Estrada) was sentenced to a 30-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. Estrada argues that (1) his sentence, which is at the top of the advisory guidelines range of 24 to 30 months of imprisonment, is unreasonable because it is greater than necessary as measured by the factors identified in 18 U.S.C. § 3553(a); (2) the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis and can result in a guidelines range that exceeds § 3553(a)'s

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing goals; (3) the Guideline gives heavy weight to prior convictions, effectively double-counting the defendant's criminal record; (4) the Guideline overstated the seriousness of his offense, which was not evil and "was, at bottom, an international trespass"; and (5) the guidelines range failed to account for his personal history and characteristics.

Estrada does not contend that the district court committed any procedural error in imposing his sentence but, rather, argues that the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Review is limited to plain error because Estrada failed to challenge the reasonableness of his sentence in the district court. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Estrada must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If Estrada makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have consistently rejected Estrada's "double counting" argument and his argument that § 2L1.2 results in excessive sentences because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We also have rejected the "international trespass" argument that Estrada asserts. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Estrada argues, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis. As Estrada concedes, his argument is foreclosed. *See Duarte*, 569 F.3d at 529-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Estrada has not shown that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor,

or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Estrada's mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Estrada has not shown error, plain or otherwise, the judgment of the district court is AFFIRMED.